**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JOHN DOE,**<br>Plaintiff,<br>v.<br>**STATE OF NEW JERSEY et al.,**<br>Defendants. | Civil Action No. 25-12244 (GC) (JTQ)<br>**MEMORANDUM OPINION AND ORDER** |

This matter comes before the Court on *pro se* Plaintiff John Doe's Motion for Leave to file an Amended Complaint (ECF No. 22) and Motion to Seal Document (ECF No. 23). In the unopposed Motion to Amend, Plaintiff seeks to substitute his pseudonym with his legal name and to bolster allegations against the Defendants. In the Motion to Seal Documents, Plaintiff seeks to seal his personal financial records submitted in connection with his application to proceed *in forma pauperis* ("IFP"). (*See* ECF No. 16). For the reasons set forth below, Plaintiff's Motion for Leave to file an Amended Complaint is granted and Plaintiff's Motion to Seal Documents is denied.[1]

## I. Motion to Amend

Pursuant to Federal Rule of Civil Procedure 15, once a party's time to amend as a matter of course expires, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave

[1] The Court notes that Plaintiff's application to proceed *in forma pauperis* (ECF No. 18) remains pending. Nothing in this Opinion and Order should be construed as resolving that application or addressing the sufficiency of Plaintiff's claims.

when justice so requires." Fed. R. Civ. P. 15(a). The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, Plaintiff seeks leave to amend the Complaint to substitute his true name for the pseudonym "John Doe" and to supplement his allegations concerning Defendants' purported retaliatory conduct. Plaintiff previously moved for leave to proceed under a pseudonym, (ECF No. 2), which the Court denied without prejudice on July 17, 2025. (ECF No. 4). In denying that motion, the Court noted Plaintiff's failure to comply with Local Civil Rules and his failure to articulate a sufficiently specific justification for proceeding pseudonymously. (*Id.*) Rather than renew that motion, Plaintiff now seeks to proceed under his legal name.

Because Plaintiff has not been granted leave to proceed pseudonymously and now seeks to proceed under his legal name, substitution of his legal name is proper. Regarding Plaintiff's additional factual allegations, the Motion is unopposed, and this matter remains in its early stages, as Defendants have not yet been served or appeared. Having considered the relevant factors, and for good cause shown, the Court finds that leave to amend is warranted under the liberal standard of Rule 15.

### II. Motion to Seal

Next, the Court considers Plaintiff's request to seal his personal financial documents submitted alongside his IFP application.

Plaintiff argues that this request is necessary to protect his privacy interests, including prevention of identity theft and financial targeting. (ECF No. 23 ¶ 6).

Plaintiff's IFP application disclosed Plaintiff's "income, bank account balances, real and personal property, and dependent information." (ECF No. 23 ¶ 2). Furthermore, Plaintiff argues that sealing these documents is necessary now that his true name is being substituted for the pseudonym. (*Id.* at ¶ 4).

Courts in the Third Circuit have emphasized that "the public right of access to judicial proceedings and records is integral and essential to the integrity of the judiciary." *Mine Safety Appliances Co. v. N. River Ins. Co.*, 73 F. Supp. 3d 544, 557-58 (W.D. Pa. 2014) (citing *Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 343 (3d Cir. 1986)). Public right of access "encompasses the right of the public to inspect and copy judicial records." *Id.* at 559. Thus, a party seeking to seal a part of a judicial record "bears the heavy burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Id.*

"Courts typically treat IFP applications as matters of public record." *See Swafford v. Evangelista*, 2026 U.S. Dist. LEXIS 83629, at *6 (V.I.D. Apr. 16, 2026) (citing *Bahr v. Marin*, 2023 U.S. Dist. LEXIS 73811, at *1 (S.D. Cal. Mar. 28, 2023)). Indeed, IFP applications fall outside of "the narrow range of matters, such as records of grand jury proceedings, traditionally sealed because of important policy reasons." *Tater-Alexander v. Amerjan*, 2008 U.S. Dist. LEXIS 123289, at *2 (E.D. Cal. Apr. 4, 2008). This allows public scrutiny of judicial decisions relating to the expenditure of public resources.

*Swafford v. Evangelista* makes this point explicit. 2026 U.S. Dist. LEXIS 83629, at *6 (V.I.D. Apr. 16, 2026). In *Swafford*, the court considered a similar

request to seal financial information in support of an IFP application. The court recognized that IFP applications are ordinarily matters of public record because the public has an interest in examining how courts exercise their discretion in authorizing the expenditure of public funds. *Id.* at *7. The court further held that, even assuming an IFP application could be subject to protections, the plaintiff's generalized privacy concerns do not justify sealing such documents. *Id.* at *8; *see also Sampath v. Concurrent Techs. Corp.*, 2008 U.S. Dist. LEXIS 133404, at *3 (W.D. Pa. May 14, 2008).

*Swafford's* reasoning applies perforce here. Plaintiff's IFP application does not contain the type of financial information warranting the extraordinary remedy of sealing the document in its entirety. Likewise, the public has a right to examine how the Court utilizes its discretion in authorizing use of the public's funds. And like the plaintiff in *Swafford*, Plaintiff has not demonstrated that disclosure of his IFP application would result in a clearly defined and serious injury sufficient to overcome the presumption of public access. To be sure, Plaintiff has expressed some generalized concerns regarding identity theft and financial targeting, but these concerns are far too speculative and do not establish a particularized risk of harm. This is particularly true where, as here, this Court's Local Civil Rules and the Federal Rule of Civil Procedure 5.2 provide protections for the filing of certain, sensitive information, including partial redaction of financial account numbers—something Plaintiff already has taken advantage of when filing his IFP application. (*See* ECF No. 18, p. 7-16). Accordingly, Plaintiff has not established that sealing the application is warranted.

Accordingly, **IT IS** on this 9th day of November 2026,

**Ordered** that Plaintiff's Motion to Amend the Complaint (ECF No. 22) is granted; and it is further

**Ordered** that Plaintiff shall file the corrected proposed Amended Complaint (ECF No. 24) within fourteen (14) days of the date of this Order; and it is further

**Ordered** that the Clerk of the Court shall amend the caption of this action to substitute "Justin Smith" for "John Doe" as Plaintiff; and it is further

**Ordered** that Plaintiff's Motion to Seal Documents (ECF No. 23) is denied; and it is further

**Ordered** that the Clerk shall terminate ECF Nos. 22 and 23.

/s/ *Justin T. Quinn*
JUSTIN T. QUINN
United States Magistrate Judge